IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**YO,**

    Petitioner,

v.                                                Civil Action No. **3:20CV453**

**ALISON LAND,**

    Respondent.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on September 14, 2021, the Court denied a petition filed by Yo pursuant to 28 U.S.C. § 2254. (ECF Nos. 17–18.) On February 24, 2022, Yo mailed a Motion for Reconsideration to the Court. ("Rule 60(b) Motion," ECF No. 21.) As discussed below, the Rule 60(b) Motion will be DENIED WITHOUT PREJUDICE.

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)," *id.* (citing *Werner*, 731 F.2d at 207), which are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud or misconduct of an adverse party; (4) a void judgment; (5) a satisfied judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

"When making a motion under Rule 60(b), the party moving for relief must clearly establish the grounds therefor to the satisfaction of the district court and such grounds must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted) (internal quotation marks omitted). Here, Yo merely states that the Court's September 14, 2021 Memorandum Opinion and Order should be "reconsidered pursuant to Rule 60(b)." (ECF No. 21 at 2.) Yo fails to demonstrate that he meets the threshold requirements of Rule 60(b). Further, he fails to identify which section of Rule 60(b) his motion for reconsideration is based upon.[1] Accordingly, the Rule 60(b) Motion (ECF No. 21) will be DENIED WITHOUT PREJUDICE. A certificate of appealability will be DENIED.[2] The action will be DISMISSED.

An appropriate order will accompany this Memorandum Opinion.

Date: 8-19-2022
Richmond, Virginia

/s/ M. Hannah Lauck
United States District Judge

---

[1] Yo fails to directly challenge this Court's September 14, 2021 Memorandum Opinion and Order. Rather, he vaguely alleges that the state court proceedings underlying his § 2254 Petition were tainted by fraud. (ECF No. 21, at 2–3.) Yo raised similar allegations in his § 2254 Petition; however, this Court determined that it could not reach the merits of Yo's claims because he procedurally defaulted them by failing to present them to the Supreme Court of Virginia. (ECF No. 17, at 8–9.) To the extent that Yo's allegations could be construed as an allegation of mistake pursuant to Rule 60(b)(1), they must fail because Rule 60 does not authorize "reconsideration of legal issues already addressed in an earlier ruling." *See CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (citing *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982)).

[2] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Yo has not satisfied this standard. Accordingly, a certificate of appealability will be DENIED.